FILED
CLERK, U.S. DISTRICT COURT
6/21/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: CDO DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

DANIEL DIAZ,

Defendant.

No. 2:24-cr-00374-JFW

I N D I C T M E N T

[18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 26 U.S.C. § 5861(d): Possession of Unregistered Firearms; 18 U.S.C. § 924(d)(1), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 922(g)(1)]

On or about May 5, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL DIAZ knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

(1) a Bushmaster (B.F.I.) model XM15-E2S, .223-5.56 caliber rifle, bearing serial number ARB05065;

(2) CD Defense model Pak-9, 9mm Luger caliber rifle, bearing serial number RON2024532;

(3) 25 rounds of Lake City .223 Remington caliber ammunition;

(4) 11 rounds of CCI/Speer or Federal Cartridge Company 9mm Luger caliber ammunition;

(5) 6 rounds of Lake City 5.56mm NATO caliber ammunition;

(6) 6 rounds of Prvi Partizan 9mm Luger caliber ammunition;

(7) 5 rounds of Sellier & Bellot 5.56x45 caliber ammunition.

(8) 3 rounds of Poongsan Defense 5.56mm NATO caliber ammunition;

(9) 3 rounds of CCI/Speer, Federal Cartridge Company, or Lake City .223 Remington caliber ammunition;

(10) 2 rounds of Poongsan Metals Corporation .223 Remington caliber ammunition;

(11) 1 round of Hornady .223 Remington caliber ammunition;

(12) 1 round of Industrias Tecnos S.A. de C.V. 5.56mm caliber ammunition;

(13) 1 round of Tulammo 9mm Luger caliber ammunition; and

(14) 1 round of Winchester 9mm Luger caliber ammunition.

Defendant DIAZ possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, case number BA499345, on or about August 4, 2022;

(2) Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, case number VA156309, on or about August 3, 2022;

(3) Possession of Contraband in Jail, in violation of California Penal Code Section 4573.6(a), in the Superior Court for the State of California, County of Los Angeles, case number PA090795, on or about May 17, 2018;

(4) Driving or Taking a Vehicle without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number VA146481, on or about January 23, 2018;

(5) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, case number VA083061, on or about November 24, 2004; and

(6) Driving or Taking a Vehicle without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number VA081413, on or about March 9, 2004.

COUNT TWO

[26 U.S.C. § 5861(d)]

On or about May 5, 2023, in Los Angeles County, within the Central District of California, defendant DANIEL DIAZ knowingly possessed a firearm, namely, a CD Defense model Pak-9, 9mm Luger caliber rifle, bearing serial number RON2024532, with a barrel of less than 16 inches in length, which defendant DIAZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code, Sections 5845(a)(3) and 5845(c), and which had not been registered to defendant DIAZ in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT THREE

[18 U.S.C. § 922(g)(1)]

On or about January 23, 2024, in Los Angeles County, within the Central District of California, defendant DANIEL DIAZ knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

(1) a Glock model 19 Gen5 9x19 caliber pistol, bearing serial number BTPC705;

(2) a Glock model 19x 9x19 caliber pistol, bearing serial number BYRV686;

(3) a Smith & Wesson model SD40 VE, .40 caliber pistol, bearing serial number FWV4897

(4) a Ruger model Ruger-57, 5.7x28 caliber pistol, bearing serial number 641-23416; and

(5) a Pioneer Arms Corp. model Hellpup, 7.62x39 caliber rifle, bearing serial number PAC1190131;

(6) 20 rounds of Remington 9mm Luger caliber ammunition;

(7) 12 rounds of Hornady 9mm Luger +P caliber ammunition;

(8) 12 rounds of Prvi Partizan 9mm Luger caliber ammunition;

(9) 7 rounds of Sig Sauer 9mm Luger caliber ammunition;

(10) 7 rounds of Winchester .40 S&W caliber ammunition.

(11) 2 rounds of Winchester 9mm Luger caliber ammunition;

(12) 1 round of ZSR 9mm Luger caliber ammunition; and

(13) 1 round of CCI/Speer or Federal Cartridge Company 9mm Luger caliber ammunition.

Defendant DIAZ possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the

following felony crimes, each punishable by a term of imprisonment exceeding one year:

(1) Possession of a Firearm by a Felon, in violation of California Penal Code Section 29800(a)(1), in the Superior Court for the State of California, County of Los Angeles, case number BA499345, on or about August 4, 2022;

(2) Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Los Angeles, case number VA156309, on or about August 3, 2022;

(3) Possession of Contraband in Jail, in violation of California Penal Code Section 4573.6(a), in the Superior Court for the State of California, County of Los Angeles, case number PA090795, on or about May 17, 2018;

(4) Driving or Taking a Vehicle without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number VA146481, on or about January 23, 2018;

(5) Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, case number VA083061, on or about November 24, 2004; and

(6) Driving or Taking a Vehicle without Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, case number VA081413, on or about March 9, 2004.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts One and Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Three of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm involved in any such offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has

///

been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/

Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics, Money Laundering, and Racketeering Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International Narcotics, Money Laundering, and Racketeering Section